```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

B.J. PATEL,                              \*

    Plaintiff,                       \*

vs.                                      \*        CASE NO. 4:09-CV-115 (CDL)

RAGAN INSURANCE AGENCY, INC.,            \*
ROBERT (BOB) LUKE, and COLUMBIA
INSURANCE GROUP,                         \*

    Defendants.                      \*

                                         \*

O R D E R

Defendants Ragan Insurance Agency, Inc. and Robert Luke have filed motions to dismiss Plaintiff's *pro se* Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim against them upon which relief can be granted (Docs. 4 & 6). In reviewing Plaintiff's Complaint, it is clear that a more fundamental defect exists which affects all the parties to this action: Plaintiff fails to allege any facts that would support subject matter jurisdiction in federal court.

Defendants removed this case from state court based upon Plaintiff's bare allegation that Defendants violated Plaintiff's Fourteenth Amendment rights by refusing to pay Plaintiff for losses Plaintiff alleges were covered by an insurance policy issued by Defendant Columbia Insurance Group. Plaintiff's Complaint contains no other factual allegations in support of the federal constitutional claim. The remaining claims are state law claims.

The Court finds that Plaintiff's Complaint fails to sufficiently allege facts that would support a federal law claim under the Fourteenth Amendment.  *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (noting that plaintiff must establish federal court's jurisdiction in complaint by stating basis of court's jurisdiction and by pleading facts that demonstrate existence of jurisdiction).  Since Plaintiff has failed to sufficiently allege facts to support federal jurisdiction, the Court lacks subject matter jurisdiction over this action.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (noting that court is required to examine its jurisdiction and dismiss an action *sua sponte* if subject matter jurisdiction is lacking).  Accordingly, this action shall be remanded to the Superior Court of Muscogee County, Georgia.[1]

IT IS SO ORDERED, this 17th day of February, 2010.

S/Clay D. Land<br>
CLAY D. LAND<br>
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiff apparently agrees that the Complaint was not intended to state a federal law claim. (*See* Pl.'s Mot. to Remand 3 ¶ 1.)  Accordingly, Plaintiff's Motion to Remand (Doc. 7) is hereby granted for the reasons stated in this Order.  In light of this ruling, the motions to dismiss are moot.